# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
February 22, 2018

Plaintiff-Appellee,

v

No.  335907
Oakland Circuit Court
LC No.  2016-258730-FH

CAROLYN MARIE VOISIN,

Defendant-Appellant.

Before:  JANSEN, P.J., and SERVITTO and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right her jury trial conviction of possession of less than 25 grams of cocaine, MCL 333.7403(2)(a)(*v*).  The trial court sentenced defendant to 17 months to 15 years' imprisonment.  We affirm.

Defendant was pulled over for speeding on June 6, 2015.  When she appeared nervous and to be under the influence of a stimulant-type substance, the officer conducting the traffic stop had her K-9 dog sniff the exterior of defendant's vehicle.  The dog indicated positively on the outside of the vehicle, which led the officer to search the interior of defendant's vehicle.  The officer discovered approximately 0.24 grams of cocaine inside defendant's purse, along with various narcotics paraphernalia.  Defendant was charged with possession of less than 25 grams of cocaine.

At the preliminary examination, defendant moved the district court to suppress all of the evidence seized during the traffic stop, which was initially granted, resulting in the dismissal of the charge against defendant.  However, the prosecution appealed the district court's ruling to the circuit court.  The circuit court reversed the district court's ruling and a jury trial subsequently occurred, at which defendant was found guilty of possession of less than 25 grams of cocaine.

On appeal, defendant argues that her Fourth Amendment right to be free from an unconstitutional search and seizure was violated because the police officer who executed the traffic stop conducted a canine sniff and a search of her vehicle without reasonable suspicion to do so.  We disagree.

The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures.  *People v Slaughter*, 489 Mich 302, 310; 803 NW2d 171 (2011).  Stopping a vehicle and detaining the occupants is a seizure under the Fourth

Amendment. *People v Armendarez*, 188 Mich App 61, 69; 468 NW2d 893 (1991). Defendant was pulled over by Officer Melinda Weingart for speeding, which is a valid reason for a police officer to stop a civilian's vehicle. As long as an officer has probable cause to believe that a traffic violation occurred or is occurring, a traffic stop is constitutionally valid. *People v Davis*, 250 Mich App 357, 363; 649 NW2d 94 (2002). Defendant does not dispute that Officer Weingart properly executed a traffic stop of her vehicle for speeding, but argues that the stop was unreasonable because it was primarily a pretext to search for evidence that defendant had committed another crime when the officer had no reasonable suspicion to do so.

Whether a search or seizure is reasonable "is a fact-intensive inquiry," that is "measured by examining the totality of the circumstances." *People v Williams*, 472 Mich 308, 314; 696 NW2d 636 (2005). A reasonable suspicion is:

> [A]n objective manifestation that the person stopped was or was about to be engaged in criminal activity as judged by those versed in the field of law enforcement when viewed under the totality of the circumstances. The detaining officer must have had a particularized and objective basis for the suspicion of criminal activity. [*People v Lewis*, 251 Mich App 58, 69; 649 NW2d 792 (2002) (citation omitted).]

At both the preliminary examination and at trial Officer Weingart testified that, although defendant was initially pulled over for speeding, she immediately noticed that defendant was acting suspicious. Officer Weingart observed that defendant's pupils were constricted, and that she was shaking and sweating. Officer Weingart also noticed that defendant was slurring her words and acting extremely nervous. In Officer Weingart's experience, such behavior is typically a sign that an individual is under the influence of some sort of stimulant drug. "The determination whether a traffic stop is reasonable must necessarily take into account the evolving circumstances with which the officer is faced." *People v Williams*, 427 Mich 308, 315; 696 NW2d 636 (2005). In light of defendant's behavior, it is clear that defendant's interaction with Officer Weingart led to the reasonable suspicion that defendant may have been operating a vehicle while under the influence of drugs, which allowed Officer Weingart to extend the traffic stop. "[W]hen a traffic stop reveals a new set of circumstances, an officer is justified in extending the detention long enough to resolve the suspicion raised." *Id.*

Further, when Officer Weingart asked for consent to search defendant's vehicle, and defendant declined, Officer Weingart did not immediately order a search of the vehicle over defendant's objection. Instead, Officer Weingart executed a canine sniff, which "is not a search within the meaning of the Fourth Amendment as long as the sniffing canine is legally present at its vantage point when its sense is aroused." *People v Jones*, 279 Mich App 86, 93; 755 NW2d 224 (2008). See also *Illinois v Caballes*, 543 US 405, 407-408; 125 S Ct 834; 160 L Ed 2d 842 (2005) (holding that a canine sniff of a vehicle during a traffic stop that reveals contraband does not violate the Fourth Amendment). Officer Weingart's canine partner was legally present at the scene of the traffic stop when the canine sniff was executed. The canine sniff returned a positive result, and this Court has found that a positive reaction by a police canine is sufficient to establish probable cause to execute a search. *Jones*, 279 Mich App at at 90 n 2.

Despite the fact that Officer Weingart had reasonable suspicion to execute the canine sniff, and probable cause to search the vehicle, once her police dog indicated the presence of drugs, defendant argues that this case aligns with the United States Supreme Court's analysis in *Rodriguez v United States*, ___US___; 135 S Ct 1609; 191 L Ed 2d 492 (2015). In *Rodriguez*, the defendant was initially pulled over by a police officer when the officer observed the defendant's vehicle veering briefly onto the shoulder of a highway before jerking back onto the road. *Id.* at 1612. The officer completed the traffic stop and had already given the defendant a written warning when he asked for permission to walk his police dog around the defendant's vehicle. *Id.* at 1613. The defendant told the officer that he could not search the vehicle, but the officer ordered him out of the vehicle and executed a canine sniff over the defendant's protests. *Id.* The defendant had not been acting suspicious in any way, and the officer testified at trial that he had already completed the traffic stop when he decided to walk the dog around the vehicle. *Id.* The dog alerted to the presence of narcotics and a search revealed a bag of methamphetamine in the vehicle. The defendant subsequently entered a conditional guilty plea to one count of possession with intent to distribute 50 grams or more of methamphetamine. *Id.* at 1613-1614. The Supreme Court held that "authority for the seizure . . . ends when tasks tied to the traffic infraction are—or reasonably should have been—completed." *Id.* at 1614.

Defendant contends that the facts in *Rodriguez* are similar to her case because Officer Weingart lacked reasonable suspicion to search her vehicle, just as the officer lacked reasonable suspicion to search the defendant's vehicle in *Rodriguez*. However, the facts of defendant's case do not support this assertion. Officer Weingart had reasonable suspicion to search defendant's vehicle by using a canine sniff, based on the signs of drug influence that defendant was exhibiting, as well as her extremely nervous behavior and mannerisms. Thus, Officer Weingart could reasonably suspect that a crime was occurring, and that the crime was separate and distinct from the traffic stop of defendant's car, which had not yet been completed. The defendant in *Rodriguez*, in contrast, exhibited no signs of intoxication or other suspicious behavior that would have given the officer reasonable suspicion that a crime was taking place beyond that of a traffic violation. Moreover, the traffic stop in *Rodriguez* had been completed prior to the initiation of the canine sniff. Officer Weingart's reasonable suspicion renders the search of defendant's vehicle lawful.

Defendant also argues, in reliance on *Rodriguez*, that the traffic stop and the ensuing search violated her Fourth Amendment rights because the canine sniff unreasonably prolonged the stop. The *Rodriguez* Court held that "a police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures," and that "a seizure justified only by a police-observed traffic violation . . . become[s] unlawful if it is prolonged beyond the time reasonably required" to issue a ticket for the violation. *Id.* at 1612 (quotation and citation omitted).

The Supreme Court granted certiorari in *Rodriguez* specifically to answer "the question whether police routinely may extend an *otherwise-completed* traffic stop, *absent reasonable suspicion*, in order to conduct a dog sniff." *Id.* at 1614 (emphasis added). First, at the time of the K-9 sniff, the traffic stop had not concluded. Although Officer Weingart did not issue a ticket, she testified that given defendant's visible condition, "[t]here was no way I was going to let her drive." Accordingly, the purposes of the traffic stop had not yet been completed. Thus, *Rodriguez* is inapplicable. A second reason for the inapplicability of *Rodriguez* is that

defendant's argument rests on the premise that Officer Weingart did not have reasonable suspicion to search the vehicle. Because we find that Officer Weingart articulated several factors that, considering the totality of the circumstances, sufficiently supported a finding of reasonable suspicion to conduct the initial canine sniff, the *Rodriguez* analysis does not apply. Accordingly, defendant's claim is without merit.

Affirmed.

/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Douglas B. Shapiro